**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SAMSUNG ELECTRONICS CO., LTD.,

      Plaintiff,

v.

TECHNICAL CONSUMER PRODUCTS,
INC. d/b/a TCP LIGHTING,

      Defendant.

Civil Action No. 23-186-RGA

**JURY TRIAL DEMANDED**

**DEFENDANT TECHNICAL CONSUMER PRODUCTS, INC.'S ANSWER,
DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S COMPLAINT**

Defendant Technical Consumer Products, Inc., d/b/a/ TCP Lighting ("Defendant" or "TCP") answers Plaintiff Samsung Electronics Co., Ltd.'s ("Plaintiff" or "Samsung") Complaint (D.I. 1) ("Complaint") as follows.

TCP denies that Samsung is entitled to the relief requested, or any other relief. TCP further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follows from the facts as admitted.

**NATURE OF THE ACTION**

1. TCP admits that the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*

- 1 -

**THE PARTIES**

2.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, on that basis, denies such allegations.

3.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, on that basis, denies such allegations.

4.      TCP admits the factual allegations of Paragraph 4.

**JURISDICTION AND VENUE**

5.      TCP admits that the Complaint purports to allege a claim for patent infringement. The remainder of Paragraph 5 states issues of law to which no answer is required.

6.      TCP admits that it is incorporated and organized in Delaware. To the extent the allegations in Paragraph 6 of the Complaint set forth legal conclusions, no response is required. TCP denies all other factual allegations in Paragraph 6.

7.      TCP admits that venue in this district is proper, although it denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. TCP admits that it is incorporated in the State of Delaware. TCP denies all other factual allegations in Paragraph 7.

**BACKGROUND AND FACTS**

8.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies such allegations.

9.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies such allegations.

10.     TCP admits that what appears to be a copy of U.S. Patent No. 9,035,341 ("the '341 Patent") is attached to the Complaint as Exhibit 1. TCP further admits that the '341 Patent states on its face an issued date of May 19, 2015. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 10 of the Complaint.

11.     TCP admits that what appears to be a copy of U.S. Patent No. 9,373,746 ("the '746 Patent") is attached to the Complaint as Exhibit 2. TCP further admits that the '746 Patent states on its face an issued date of June 21, 2016. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 11 of the Complaint.

12.     TCP admits that what appears to be a copy of U.S. Patent No. 9,105,762 ("the '762 Patent") is attached to the Complaint as Exhibit 3. TCP further admits that the '762 Patent states on its face an issued date of August 11, 2015. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 12 of the Complaint.

13.     TCP admits that what appears to be a copy of U.S. Patent No. 7,759,140 ("the '140 Patent") is attached to the Complaint as Exhibit 4. TCP further admits that the '140 Patent states on its face an issued date of July 20, 2010. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 13 of the Complaint.

14.     TCP admits that it imports into the United States and sells the L60A19N06V30K4. TCP denies the remaining allegations in Paragraph 14 of the Complaint.

15.     TCP admits that it imports into the United States and sells the L60A19N06V30K4. TCP denies the remaining allegations in Paragraph 15 of the Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,035,341

16. TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 15 of the Complaint.

17. TCP denies the allegations in Paragraph 17 of the Complaint.

18. TCP denies the allegations in Paragraph 18 of the Complaint.

19. TCP denies the allegations in Paragraph 19 of the Complaint.

20. TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 20 of the Complaint.

21. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies such allegations.

22. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies such allegations.

23. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies such allegations.

24. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies such allegations.

25. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies such allegations.

26.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies such allegations.

27.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, on that basis, denies such allegations.

28.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, on that basis, denies such allegations.

29.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies such allegations.

30.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, on that basis, denies such allegations.

31.    TCP denies the allegations in Paragraph 31 of the Complaint.

32.    TCP denies the allegations in Paragraph 32 of the Complaint.

33.    TCP denies the allegations in Paragraph 33 of the Complaint.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 9,373,746

34.    TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 15 of the Complaint.

35.    TCP denies the allegations in Paragraph 35 of the Complaint.

36.    TCP denies the allegations in Paragraph 36 of the Complaint.

37.    TCP denies the allegations in Paragraph 37 of the Complaint.

38.    TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 38 of the Complaint.

39.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, on that basis, denies such allegations.

40.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, on that basis, denies such allegations.

41.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, on that basis, denies such allegations.

42.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, on that basis, denies such allegations.

43.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, on that basis, denies such allegations.

44.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, on that basis, denies such allegations.

45.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, on that basis, denies such allegations.

46.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, on that basis, denies such allegations.

47.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, on that basis, denies such allegations.

48.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, on that basis, denies such allegations.

49.     TCP denies the allegations in Paragraph 49 of the Complaint.

50.     TCP denies the allegations in Paragraph 50 of the Complaint.

51.     TCP denies the allegations in Paragraph 51 of the Complaint.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 9,105,762

52.     TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 15 of the Complaint.

53.     TCP denies the allegations in Paragraph 53 of the Complaint.

54.     TCP denies the allegations in Paragraph 54 of the Complaint.

55.     TCP denies the allegations in Paragraph 55 of the Complaint.

56.     TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 56 of the Complaint.

57.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, on that basis, denies such allegations.

58.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, on that basis, denies such allegations.

59.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies such allegations.

60.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, on that basis, denies such allegations.

61.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, on that basis, denies such allegations.

62.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, on that basis, denies such allegations.

63.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, on that basis, denies such allegations.

64.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, on that basis, denies such allegations.

65.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, on that basis, denies such allegations.

66.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, on that basis, denies such allegations.

67.     TCP denies the allegations in Paragraph 67 of the Complaint.

68.     TCP denies the allegations in Paragraph 68 of the Complaint.

69.     TCP denies the allegations in Paragraph 69 of the Complaint.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 7,759,140

70.     TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 15 of the Complaint.

71.     TCP denies the allegations in Paragraph 71 of the Complaint.

72.     TCP denies the allegations in Paragraph 72 of the Complaint.

73.     TCP denies the allegations in Paragraph 73 of the Complaint.

74.     TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 74 of the Complaint.

75.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, on that basis, denies such allegations.

76.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, on that basis, denies such allegations.

77.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and, on that basis, denies such allegations.

78.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, on that basis, denies such allegations.

79.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, on that basis, denies such allegations.

80.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, on that basis, denies such allegations.

81.    TCP denies the allegations in Paragraph 81 of the Complaint.

82.    TCP denies the allegations in Paragraph 82 of the Complaint.

83.    TCP denies the allegations in Paragraph 83 of the Complaint.

## PRAYER FOR RELIEF

TCP denies that Samsung is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–I of Samsung's Prayer for Relief.

## JURY DEMAND

Samsung's demand for a trial by jury does not require a response by TCP.

## DEFENSES

TCP incorporates by reference as if fully set forth herein its responses to Paragraphs 1–83 of Samsung's Complaint. To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Without assuming any burden other than that imposed by operation of law and without reducing or removing Samsung's burdens of proof on its affirmative claims, TCP alleges and asserts the following defenses in response to Samsung's Complaint and TCP's assertion of infringement of the '341 Patent, '746 Patent, '762 Patent and '140 Patent (collectively "Asserted Patents"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Additionally, TCP specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST SEPARATE DEFENSE
## (FAILURE TO STATE A CLAIM)

1.      Samsung has failed to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE
## (NON-INFRINGEMENT)

2.      TCP has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD SEPARATE DEFENSE
## (INVALIDITY)

3.      The claims of the Asserted Patents are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

- 11 -

## FOURTH SEPARATE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.       TCP is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted Patents.

## FIFTH SEPARATE DEFENSE
### (EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)

5.       TCP's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents. To the extent TCP's vendors, partners, or other upstream and downstream suppliers have entered into patent license agreements covering the Asserted Patents, TCP's use or purchase of LED chips or other lighting components from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

6.       Samsung's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

## SIXTH SEPARATE DEFENSE
### (EQUITABLE BARS – UNENFORCEABILITY)

7.       Samsung's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.

## SEVENTH SEPARATE DEFENSE
### (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

8.     Samsung is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Samsung has failed to show, and cannot show, that any infringement has been willful and/or egregious.

## EIGHTH SEPARATE DEFENSE
### (LIMITATION ON DAMAGES)

9.     Samsung's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

10.     To the extent that Samsung, its alleged predecessor(s)-in-interest to the Asserted Patents, or any licensee of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that TCP's actions allegedly infringed any claim of the Asserted Patents, TCP is not liable to Samsung for the acts alleged to have been performed before TCP received actual notice of infringement. On information and belief, Samsung's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## NINTH SEPARATE DEFENSE
### (COSTS)

11.     Samsung is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## TENTH SEPARATE DEFENSE
### (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

12.     Samsung is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to Samsung would not be immediate or irreparable, Samsung would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

- 13 -

**RESERVATION OF ADDITIONAL DEFENSES**

13. TCP reserves the right to add additional defenses, including further allegations of inequitable conduct, consistent with the facts discovered in this case.

**COUNTERCLAIMS**

TCP sets forth the following Counterclaims against Samsung. TCP incorporates by reference all of the allegations and averments in its Answer and Defenses.

**PARTIES**

1. TCP is a Delaware corporation with its principal place of business at 325 Campus Drive, Aurora, OH 44202.

2. Upon information and belief based on the allegations in the Complaint, Samsung is a corporation organized under the laws of Republic of Korean with a principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi, 443-742, South Korea.

**JURISDICTION AND VENUE**

3. Samsung filed a Complaint in this Court against TCP alleging infringement, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of United States Patent Nos. 9,035,341 ("the '341 Patent"), 9,373,746 ("the '746 Patent"), 9,105,762 ("the '762 patent"), and 7,759,140 ("the '140 patent") (collectively "the Asserted Patents").

4. Samsung alleges in the Complaint that it is the owner by assignment of all right, title, and interest in the Asserted Patents, and that it has the full and exclusive right to bring suit to enforce each Asserted Patent, including the right to recover for past infringement.

5. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has personal jurisdiction over Samsung at least because it voluntarily submitting to and employed the jurisdiction of this Court by filing its Complaint.

7.      Venue is proper in this District solely for the purposes of these Counterclaims under 28 U.S.C. §§ 1391(b)-(c). Upon information and belief, Samsung is incorporated and resides in the Republic of Korea. Samsung alleged in its Complaint that venue is proper in this District, and voluntarily submitted to the jurisdiction of this Court by filing its Complaint.

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,035,341**

8.      To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

9.      TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '341 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

10.     An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '341 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

11.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '341 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '341 Patent.

**SECOND COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,035,341**

12.    To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

13.    The '341 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

14.    An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '341 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

15.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '341 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '341 Patent are invalid.

**THIRD COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,373,746**

16.    To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

17.    TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '746 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

18.    An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '746 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

19.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '746 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '746 Patent.

**FOURTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,373,746**

20.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

21.     The '746 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

22.     An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '746 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

23.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '746 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '746 Patent are invalid.

**FIFTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,105,762**

24.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

25.     TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '762 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

- 17 -

26.     An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '762 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

27.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '762 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '762 Patent.

## SIXTH COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,105,762

28.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

29.     The '762 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

30.     An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '762 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

31.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '762 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '762 Patent are invalid.

## SEVENTH COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,759,140

32.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

33.    TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '140 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

34.    An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

35.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '140 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent.

**EIGHTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 7,759,140**

36.    To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

37.    The '140 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

38.    An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

39.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '140 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent are invalid.

## DEMAND FOR JURY TRIAL

TCP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

TCP, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A. A declaration that TCP did not infringe, has not infringed, and does not infringe any valid and enforceable claim of the '341, '746, '762, and '140 Patents;

B. A declaration the claims of the '341, '746, '762, and '140 Patents are invalid;

C. An order dismissing Samsung's Complaint with prejudice, and adjudging that Samsung take nothing by its Complaint;

D. An order declaring that TCP is the prevailing party and that this case is exceptional under 35 U.S.C. § 285, other statutes or rules, or the general power of the Court, and an award to TCP of its costs and attorneys' fees in connection with this action;

E. An order awarding TCP its costs and expenses in this action;

F. An injunction against Samsung and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Samsung from charging infringement or instituting any legal action for infringement of the '341, '746, '762, and '140 Patents or any related patent against TCP or anyone acting in privity with TCP; and

G. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

Dated: April 14, 2023                          Respectfully submitted,

OF COUNSEL:                                    McCARTER & ENGLISH, LLP

Arthur P. Licygiewicz                          */s/ Alexandra M. Joyce*
Vlada Wendel                                   Daniel M. Silver (#4758)
NORTON ROSE FULBRIGHT US LLP                   Alexandra M. Joyce (#6423)
2200 Ross Avenue, Suite 3600                   Renaissance Centre
Dallas, Texas 75201                            405 N. King Street, 8th Floor
Tel: 214-855-8000                              Wilmington, Delaware 19801
Fax: 214-855-8200                              Tel: 302-984-6300
art.licygiewicz@nortonrosefulbright.com        Fax: 302-984-6399
vlada.wendel@nortonrosefulbright.com           dsilver@mccarter.com
                                               ajoyce@mccarter.com

Catherine Garza
NORTON ROSE FULBRIGHT US LLP                   *Attorneys for Defendant Technical Consumer*
98 San Jacinto Blvd., Suite 1100               *Products, Inc. d/b/a/ TCP Lighting*
Austin, TX 78701
Tel: 512-536-3114
Fax: 512-536-4598
cat.garza@nortonrosefulbright.com

- 21 -