## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.,

     Plaintiff,

v.

TECHNICAL CONSUMER PRODUCTS,
INC. d/b/a TCP LIGHTING, and
HAWTHORNE GARDENING COMPANY

     Defendants.

Civil Action No. 23-186-JNR

**JURY TRIAL DEMANDED**

## DEFENDANT TECHNICAL CONSUMER PRODUCTS, INC.'S  ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S FIRST AMENDED COMPLAINT

Defendant Technical Consumer Products, Inc., d/b/a/ TCP Lighting ("Defendant" or "TCP") answers Plaintiff Samsung Electronics Co., Ltd.'s ("Plaintiff" or "Samsung") First Amended Complaint (D.I. 49) ("FAC") as follows.

TCP denies that Samsung is entitled to the relief requested, or any other relief. TCP further denies each and every allegation contained in the FAC, except as expressly stated below. Any factual allegation in the FAC is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follows from the facts as admitted.

## NATURE OF THE ACTION

1.     TCP admits that the FAC purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*.

- 1 -

## THE PARTIES

2.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the FAC and, on that basis, denies such allegations.

3.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC and, on that basis, denies such allegations.

4.      TCP admits the factual allegations of Paragraph 4.

5.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC and, on that basis, denies such allegations.

## JURISDICTION AND VENUE

6.      TCP admits that the FAC purports to allege a claim for patent infringement. The remainder of Paragraph 6 states issues of law to which no answer is required.

7.      TCP admits that it is incorporated and organized in Delaware. To the extent the allegations in Paragraph 7 of the FAC set forth legal conclusions, no response is required. TCP denies all other factual allegations in Paragraph 7.

8.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC and, on that basis, denies such allegations.

9.      TCP admits that venue in this district is proper, although it denies that this district is the most convenient venue for litigation of the claims in the FAC and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. TCP admits that it is incorporated in the State of Delaware. TCP denies all other factual allegations in Paragraph 9.

## BACKGROUND AND FACTS

10.      TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC and, on that basis, denies such allegations.

11.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC and, on that basis, denies such allegations.

12.     TCP admits that what appears to be a copy of U.S. Patent No. 9,035,341 ("the '341 Patent") is attached to the FAC as Exhibit 1. TCP further admits that the '341 Patent states on its face an issued date of May 19, 2015. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 12 of the FAC.

13.     TCP admits that what appears to be a copy of U.S. Patent No. 9,373,746 ("the '746 Patent") is attached to the FAC as Exhibit 2. TCP further admits that the '746 Patent states on its face an issued date of June 21, 2016. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 13 of the FAC.

14.     TCP admits that what appears to be a copy of U.S. Patent No. 9,105,762 ("the '762 Patent") is attached to the FAC as Exhibit 3. TCP further admits that the '762 Patent states on its face an issued date of August 11, 2015. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 14 of the FAC.

15.     TCP admits that what appears to be a copy of U.S. Patent No. 7,759,140 ("the '140 Patent") is attached to the FAC as Exhibit 4. TCP further admits that the '140 Patent states on its face an issued date of July 20, 2010. TCP lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 15 of the FAC.

16.     TCP admits that it imports into the United States and sells the L60A19N06V30K4. TCP denies the remaining allegations in Paragraph 16 of the FAC.

17.     TCP admits that it imports into the United States and sells the L60A19N06V30K4. TCP denies the remaining allegations in Paragraph 17 of the FAC.

18.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the FAC and, on that basis, denies such allegations.

19.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC and, on that basis, denies such allegations.

<u>**COUNT I**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 9,035,341**</u>

20.     TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

21.     TCP denies the allegations in Paragraph 21 of the FAC.

22.     TCP denies the allegations in Paragraph 22 of the FAC.

23.     TCP denies the allegations in Paragraph 23 of the FAC.

24.     TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 24 of the FAC.

25.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and, on that basis, denies such allegations.

26.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC and, on that basis, denies such allegations.

27.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC and, on that basis, denies such allegations.

28.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC and, on that basis, denies such allegations.

29.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC and, on that basis, denies such allegations.

30.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC and, on that basis, denies such allegations.

31.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC and, on that basis, denies such allegations.

32.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC and, on that basis, denies such allegations.

33.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC and, on that basis, denies such allegations.

34.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC and, on that basis, denies such allegations.

35.    TCP denies the allegations in Paragraph 35 of the FAC.

36.    TCP denies the allegations in Paragraph 36 of the FAC.

37.    TCP denies the allegations in Paragraph 37 of the FAC.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 9,373,746

38.    TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

39.    TCP denies the allegations in Paragraph 39 of the FAC.

40.    TCP denies the allegations in Paragraph 40 of the FAC.

41.    TCP denies the allegations in Paragraph 41 of the FAC.

42.    TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 42 of the FAC.

43.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC and, on that basis, denies such allegations.

44.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC and, on that basis, denies such allegations.

45.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the FAC and, on that basis, denies such allegations.

46.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the FAC and, on that basis, denies such allegations.

47.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the FAC and, on that basis, denies such allegations.

48.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the FAC and, on that basis, denies such allegations.

49.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the FAC and, on that basis, denies such allegations.

50.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the FAC and, on that basis, denies such allegations.

51.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the FAC and, on that basis, denies such allegations.

52.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the FAC and, on that basis, denies such allegations.

53.     TCP denies the allegations in Paragraph 53 of the FAC.

54.     TCP denies the allegations in Paragraph 54 of the FAC.

55.     TCP denies the allegations in Paragraph 55 of the FAC.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,105,762

56.    TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

57.    TCP denies the allegations in Paragraph 57 of the FAC.

58.    TCP denies the allegations in Paragraph 58 of the FAC.

59.    TCP denies the allegations in Paragraph 59 of the FAC.

60.    TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 60 of the FAC.

61.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the FAC and, on that basis, denies such allegations.

62.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the FAC and, on that basis, denies such allegations.

63.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the FAC and, on that basis, denies such allegations.

64.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the FAC and, on that basis, denies such allegations.

65.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the FAC and, on that basis, denies such allegations.

66.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the FAC and, on that basis, denies such allegations.

67.    TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the FAC and, on that basis, denies such allegations.

68.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the FAC and, on that basis, denies such allegations.

69.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC and, on that basis, denies such allegations.

70.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the FAC and, on that basis, denies such allegations.

71.     TCP denies the allegations in Paragraph 71 of the FAC.

72.     TCP denies the allegations in Paragraph 72 of the FAC.

73.     TCP denies the allegations in Paragraph 73 of the FAC.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,759,140

74.     TCP restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

75.     TCP denies the allegations in Paragraph 75 of the FAC.

76.     TCP denies the allegations in Paragraph 76 of the FAC.

77.     TCP denies the allegations in Paragraph 77 of the FAC.

78.     TCP admits that it provides information for its products on its website including for the L60A19N06V30K4. TCP denies all remaining allegations in Paragraph 78 of the FAC.

79.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the FAC and, on that basis, denies such allegations.

80.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the FAC and, on that basis, denies such allegations.

81.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the FAC and, on that basis, denies such allegations.

82.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the FAC and, on that basis, denies such allegations.

83.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the FAC and, on that basis, denies such allegations.

84.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the FAC and, on that basis, denies such allegations.

85.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the FAC and, on that basis, denies such allegations.

86.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the FAC and, on that basis, denies such allegations.

87.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the FAC and, on that basis, denies such allegations.

88.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the FAC and, on that basis, denies such allegations.

89.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the FAC and, on that basis, denies such allegations.

90.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the FAC and, on that basis, denies such allegations.

91.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the FAC and, on that basis, denies such allegations.

92.     TCP denies the allegations in Paragraph 92 of the FAC.

93.     TCP denies the allegations in Paragraph 93 of the FAC.

94.     TCP denies the allegations in Paragraph 94 of the FAC.

## PRAYER FOR RELIEF

TCP denies that Samsung is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–I of Samsung's Prayer for Relief.

## JURY DEMAND

Samsung's demand for a trial by jury does not require a response by TCP.

## DEFENSES

TCP incorporates by reference as if fully set forth herein its responses to Paragraphs 1–94 of Samsung's FAC. To the extent not expressly admitted above, the factual allegations contained in the FAC are denied. Without assuming any burden other than that imposed by operation of law and without reducing or removing Samsung's burdens of proof on its affirmative claims, TCP alleges and asserts the following defenses in response to Samsung's FAC and Samsung's assertion of infringement of the '341 Patent, '746 Patent, '762 Patent and '140 Patent (collectively "Asserted Patents"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Additionally, TCP specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST SEPARATE DEFENSE
## (FAILURE TO STATE A CLAIM)

1.     Samsung has failed to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE
## (NON-INFRINGEMENT)

2.     TCP has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD SEPARATE DEFENSE
### (INVALIDITY)

3.      The claims of the Asserted Patents are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## FOURTH SEPARATE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.      Samsung is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted Patents.

## FIFTH SEPARATE DEFENSE
### (EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)

5.      Samsung's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents. To the extent TCP's vendors, partners, or other upstream and downstream suppliers have entered into patent license agreements covering the Asserted Patents, TCP's use or purchase of LED chips or other lighting components from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

6.      Samsung's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

## SIXTH SEPARATE DEFENSE
## (EQUITABLE BARS – UNENFORCEABILITY)

7.    Samsung's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.

## SEVENTH SEPARATE DEFENSE
## (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

8.    Samsung is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Samsung has failed to show, and cannot show, that any infringement has been willful and/or egregious.

## EIGHTH SEPARATE DEFENSE
## (LIMITATION ON DAMAGES)

9.    Samsung's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

10.    To the extent that Samsung, its alleged predecessor(s)-in-interest to the Asserted Patents, or any licensee of the Asserted Patents failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that TCP's actions allegedly infringed any claim of the Asserted Patents, TCP is not liable to Samsung for the acts alleged to have been performed before TCP received actual notice of infringement. On information and belief, Samsung's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## NINTH SEPARATE DEFENSE
## (COSTS)

11.    Samsung is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## TENTH SEPARATE DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

12.     Samsung is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to Samsung would not be immediate or irreparable, Samsung would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF ADDITIONAL DEFENSES

13.     TCP reserves the right to add additional defenses, including further allegations of inequitable conduct, consistent with the facts discovered in this case.

## COUNTERCLAIMS

TCP sets forth the following Counterclaims against Samsung. TCP incorporates by reference all of the allegations and averments in its Answer and Defenses.

## PARTIES

1.     TCP is a Delaware corporation with its principal place of business at 325 Campus Drive, Aurora, OH 44202.

2.     Upon information and belief based on the allegations in the FAC, Samsung is a corporation organized under the laws of Republic of Korean with a principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi, 443-742, South Korea.

## JURISDICTION AND VENUE

3.     Samsung filed a FAC in this Court against TCP alleging infringement, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of United States Patent Nos. 9,035,341 ("the '341 Patent"), 9,373,746 ("the '746 Patent"), 9,105,762 ("the '762 patent"), and 7,759,140 ("the '140 patent") (collectively "the Asserted Patents").

4.      Samsung alleges in the FAC that it is the owner by assignment of all right, title, and interest in the Asserted Patents, and that it has the full and exclusive right to bring suit to enforce each Asserted Patent, including the right to recover for past infringement.

5.      This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has personal jurisdiction over Samsung at least because it voluntarily submitting to and employed the jurisdiction of this Court by filing its FAC.

7.      Venue is proper in this District solely for the purposes of these Counterclaims under 28 U.S.C. §§ 1391(b)-(c). Upon information and belief, Samsung is incorporated and resides in the Republic of Korea. Samsung alleged in its FAC that venue is proper in this District, and voluntarily submitted to the jurisdiction of this Court by filing its FAC.

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,035,341**

8.      To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

9.      TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '341 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the FAC to be included in the accused products.

10.     As one non-limiting example, the FAC does not show that the accused L60A19N06V30K4 includes, as recited in Claim 1: "a first conductivity-type semiconductor layer

disposed on the substrate, an active layer disposed on the first conductivity-type semiconductor layer and a second conductivity-type semiconductor layer disposed on the active layer."

11.    As a second non-limiting example, the FAC does not show that the accused L60A19N06V30K4 includes, as recited in Claim 1: "a region of side surfaces of the first conductivity-type semiconductor layer of each of the light emitting cells in which the wiring unit is disposed has a slope gentler than slopes of other regions of the side surfaces of the first conductivity-type semiconductor layer of each of the light emitting cells."

12.    An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '341 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

13.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '341 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '341 Patent.

**SECOND COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,035,341**

14.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

15.    The '341 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

16.    As one non-limiting example, Claim 1 of the '341 Patent is invalid in view of U.S. Patent Application Publication No. 2012/0061694 to Shen et al. ("Shen"). Shen was filed September 13, 2011, and published March 15, 2012 and is prior art under at least 35 U.S.C. § 102(a). Shen teaches at least: a semiconductor light emitting device, comprising: a substrate; a

semiconductor laminate disposed on the substrate and divided to a plurality of light emitting cells with an isolation region, wherein the plurality of light emitting cells include a first conductivity-type semiconductor layer disposed on the substrate, an active layer disposed on the first conductivity-type semiconductor layer and a second conductivity-type semiconductor layer disposed on the active layer; and a wiring unit electrically connecting the plurality of light emitting cells, wherein a region of side surfaces of the first conductivity-type semiconductor layer of each of the light emitting cells in which the wiring unit is disposed has a slope gentler than slopes of other regions of the side surfaces of the first conductivity-type semiconductor layer of each of the light emitting cells.

17.    Additional prior art, alone or in combination with Shen or other art, taking into consideration the knowledge of a person having ordinary skill in the art and claim construction, if any, may anticipate or render obvious the claims of the '341 Patent.

18.    An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '341 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

19.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '341 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '341 Patent are invalid.

**THIRD COUNTERCLAIM:
DECLARATORY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NO. 9,373,746**

20.    To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

21.    TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '746 Patent at least because

one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the FAC to be included in the accused products.

22.     As one non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "a first conductivity-type semiconductor layer disposed on the substrate, an active layer disposed on the first conductivity-type semiconductor layer and a second conductivity-type semiconductor layer disposed on the active layer."

23.     As a second non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "forming a wiring region on a portion of both side surfaces of each of the light emitting cells such that slopes of the side surface of the first conductivity-type semiconductor in the wiring region are gentler than slopes of the side surfaces of the first conductivity-type semiconductor in other region of each of the light emitting cells."

24.     An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '746 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

25.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '746 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '746 Patent.

**FOURTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,373,746**

26.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

27.    The '746 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

28.    As one non-limiting example, Claim 1 of the '746 Patent is invalid in view of U.S. Patent Application Publication No. 2012/0061694 to Shen et al. ("Shen"). Shen was filed September 13, 2011, and published March 15, 2012 and is prior art under at least 35 U.S.C. § 102(a). Shen teaches at least: a method of fabricating a semiconductor light emitting device, the method comprising steps of: forming a semiconductor laminate on a substrate; forming an isolation region to divide the semiconductor laminate into a plurality of light emitting cells, wherein the plurality of light emitting cells include a first conductivity-type semiconductor layer disposed on the substrate, an active layer disposed on the first conductivity-type semiconductor layer and a second conductivity-type semiconductor layer disposed on the active layer; forming a wiring region on a portion of both side surfaces of each of the light emitting cells such that slopes of the side surface of the first conductivity-type semiconductor in the wiring region are gentler than slopes of the side surfaces of the first conductivity-type semiconductor in other region of each of the light emitting cells; and forming a wiring unit such that at least a portion thereof is positioned in the wiring region, the wiring unit electrically connecting the plurality of light emitting cells.

29.    Additional prior art, alone or in combination with Shen or other art, taking into consideration the knowledge of a person having ordinary skill in the art and claim construction, if any, may anticipate or render obvious the claims of the '746 Patent.

30.    An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '746 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

31.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '746 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '746 Patent are invalid.

**FIFTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,105,762**

32.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

33.     TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '762 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the FAC to be included in the accused products.

34.     As one non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "sequentially stacking a first conductive semiconductor layer, an active layer, and a second conductive semiconductor layer on a substrate."

35.     As a second non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "removing a portion of the transparent electrode formed on the insulating layer to expose a portion of the insulating layer."

36.     An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '762 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

37.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '762 Patent and the accused products. TCP seeks a declaration by the Court

that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '762 Patent.

## SIXTH COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,105,762

38.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

39.     The '762 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

40.     As one non-limiting example, Claim 1 of the '762 Patent is invalid in view of International Patent Publication No. WO 2010/024375 A1 to Kadan et al. ("Kadan"). Kadan was published February 11, 2009 and is prior art under at least 35 U.S.C. § 102(a). Kadan teaches at least: a method for manufacturing a semiconductor light emitting device, the method comprising: sequentially stacking a first conductive semiconductor layer, an active layer, and a second conductive semiconductor layer on a substrate; selectively removing portions of the second conductive semiconductor layer, the active layer, and the first conductive semiconductor layer; forming a first electrode in the area formed by the removal of a portion of the first conductive semiconductor layer; forming an insulating layer on a portion of the second conducive semiconductor layer; forming a transparent electrode on the second conductive semiconductor layer and the insulating layer; removing a portion of the transparent electrode formed on the insulating layer to expose a portion of the insulating layer; forming a reflection unit in the area in which the insulating layer is exposed; and forming a second electrode on the transparent electrode and the reflection unit.

41.     An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '762 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

42.     A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '762 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '762 Patent are invalid.

**SEVENTH COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 7,759,140**

43.     To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

44.     TCP is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '140 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the FAC to be included in the accused products.

45.     As one non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "sequentially forming an active layer and a second semiconductor crystal layer on the first semiconductor crystal layer, wherein the crystal surface orientations of the at least one protruded portion except the vertex thereof are different from growth directions of the semiconductor crystal layers."

46.     As a second non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "the step of forming the first semiconductor crystal layer is performed so that a first growth rate of the first semiconductor crystal layer on the substrate surface between the protruded portions is higher than a second growth rate of the first semiconductor crystal layer on the surface of the protruded

portions such that the majority of the growth of the first semiconductor crystal layer occurs on the substrate surface between the protruded portions."

47.    An actual and justiciable controversy exists between TCP and Samsung with respect to non-infringement of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

48.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '140 Patent and the accused products. TCP seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent.

## EIGHTH COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,759,140

49.    To the extent not inconsistent, TCP incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

50.    The '140 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

51.    As one non-limiting example, Claim 1 of the '140 Patent is invalid in view of Japanese Patent Application No. 2003218045 to Shibata et al. ("Shibata"). Shibata was published July 31, 2003 and is prior art under at least 35 U.S.C. § 102(a). Shibata teaches at least: a method of manufacturing a light-emitting device, comprising: forming at least one protruded portion with a curved surface on a planarized substrate; and forming a first semiconductor crystal layer on the substrate to cover the surface of the protruded portions and planarizing said first semiconductor crystal layer; and sequentially forming an active layer and a second semiconductor crystal layer on the first semiconductor crystal layer, wherein the crystal surface orientations of the at least one protruded portion except the vertex thereof are different from growth directions of the

semiconductor crystal layers; and the step of forming the first semiconductor crystal layer is performed so that a first growth rate of the first semiconductor crystal layer on the substrate surface between the protruded portions is higher than a second growth rate of the first semiconductor crystal layer on the surface of the protruded portions such that the majority of the growth of the first semiconductor crystal layer occurs on the substrate surface between the protruded portions.

52.    An actual and justiciable controversy exists between TCP and Samsung with respect to the alleged infringement and validity of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

53.    A judicial declaration is necessary and appropriate so that TCP may ascertain its rights regarding the '140 Patent. TCP seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent are invalid.

## DEMAND FOR JURY TRIAL

TCP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

TCP, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A.  A declaration that TCP did not infringe, has not infringed, and does not infringe any valid and enforceable claim of the '341, '746, '762, and '140 Patents;

B.  A declaration the claims of the '341, '746, '762, and '140 Patents are invalid;

C.  An order dismissing Samsung's FAC with prejudice, and adjudging that Samsung take nothing by its FAC;

D.  An order declaring that TCP is the prevailing party and that this case is exceptional under 35 U.S.C. § 285, other statutes or rules, or the general power of the Court, and an award to TCP of its costs and attorneys' fees in connection with this action;

E. An order awarding TCP its costs and expenses in this action;

F. An injunction against Samsung and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Samsung from charging infringement or instituting any legal action for infringement of the '341, '746, '762, and '140 Patents or any related patent against TCP or anyone acting in privity with TCP; and

G. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

Dated: November 9, 2023                          Respectfully submitted,

OF COUNSEL:                                      McCARTER & ENGLISH, LLP

Arthur P. Licygiewicz                            */s/ Alexandra M. Joyce*
Vlada Wendel                                     Daniel M. Silver (#4758)
NORTON ROSE FULBRIGHT US LLP                     Alexandra M. Joyce (#6423)
2200 Ross Avenue, Suite 3600                     Renaissance Centre
Dallas, Texas 75201                              405 N. King Street, 8th Floor
Tel: 214-855-8000                                Wilmington, Delaware 19801
Fax: 214-855-8200                                Tel: 302-984-6300
art.licygiewicz@nortonrosefulbright.com          Fax: 302-984-6399
vlada.wendel@nortonrosefulbright.com             dsilver@mccarter.com
                                                 ajoyce@mccarter.com
Catherine Garza
David Dyer                                       *Attorneys for Defendant Technical Consumer*
NORTON ROSE FULBRIGHT US LLP                     *Products, Inc. d/b/a/ TCP Lighting*
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3114
Fax: 512-536-4598
cat.garza@nortonrosefulbright.com
david.dyer@nortonrosefulbright.com

- 24 -