IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.,    )
              Plaintiff,    )
                                          )    C.A. No.: 23-186-JNR
      v.    )
                                            )    JURY TRIAL DEMANDED
TECHNICAL CONSUMER PRODUCTS, INC. dba    )
TCP LIGHTING, and HAWTHORNE    )
GARDENING COMPNAY    )
              Defendants.    )
                                        )

**SAMSUNG ELECTRONICS CO., LTD.'S ANSWER TO TECHNICAL CONSUMER PRODUCTS INC.'S AMENDED COUNTERCLAIMS**

Samsung Electronics Co., Ltd. ("Samsung") hereby responds to the amended counterclaims of Technical Consumer Products, Inc. dba TCP Lighting ("TCP") (*see* D.I. 52 at 13-24, "Amended Counterclaims"). Unless expressly admitted below, Samsung denies all allegations in the Amended Counterclaims and further denies that TCP is entitled to its requested relief or any other relief.

**PARTIES**

1.      Admitted.

2.      Admitted.

**JUSDICTION AND VENUE**

3.      Samsung admits that it filed a First Amended Complaint ("FAC") in this Court against TCP alleging infringement of United States Patent Nos. 9,035,341 ("the '341 Patent"), 9,373,746 ("the '746 Patent"), 9,105,762 ("the '762 patent"), and 7,759,140 ("the '140 patent") (collectively "the Asserted Patents"). Samsung denies all other allegations in Paragraph 3.

4.      Admitted.

5.     Samsung admits the allegations in Paragraph 5 of the Amended Counterclaims, except Samsung denies that TCP is entitled to any relief.

6.     Samsung admits that this Court has personal jurisdiction over Samsung with respect to TCP's Amended Counterclaims because Samsung filed its FAC in this Court. Samsung denies all other allegations in Paragraph 6 of the Amended Counterclaims.

7.     Samsung admits that venue is proper in this jurisdiction as to Samsung solely with respect to Samsung's FAC and TCP's Amended Counterclaims.  Samsung denies all other allegations in Paragraph 7.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF U.S. PATENT NO. 9,035,341

8.     Samsung repeats its responses contained in Paragraphs 1 through 7 as if fully set forth herein.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged.  Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

13.    The allegations in Paragraph 13 of the Amended Counterclaims are legal conclusions to which no response is required. However, to the extent a response is required, Samsung denies the allegations in Paragraph 13.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,035,341

14.    Samsung repeats its responses contained in Paragraphs 1 through 13 as if fully set forth herein.

-2-

15.    Denied.

16.    Denied.

17.    Denied.

18.    Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged.  Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

19.    Samsung admits that TCP seeks a declaratory judgment that the claims of the '341 patent are invalid. Samsung denies that any claim of the '341 patent is invalid.  Samsung denies all other allegations in Paragraph 19.

### THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF U.S. PATENT NO. 9,373,746

20.    Samsung repeats its responses contained in Paragraphs 1 through 19 as if fully set forth herein.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged.  Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

25.    The allegations in Paragraph 25 of the Amended Counterclaims are legal conclusions to which no response is required. However, to the extent a response is required, Samsung denies the allegations in Paragraph 25.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT
## OF INVALIDITY OF U.S. PATENT NO. 9,373,746

26. Samsung repeats its responses contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged. Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

31. Samsung admits that TCP seeks a declaratory judgment that the claims of the '746 patent are invalid. Samsung denies that any claim of the '746 patent is invalid. Samsung denies all other allegations in Paragraph 31.

## FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT
## OF NON-INFRINGMENT OF U.S. PATENT NO. 9,105,762

32. Samsung repeats its responses contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged. Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

37.     The allegations in Paragraph 37 of the Amended Counterclaims are legal conclusions to which no response is required. However, to the extent a response is required, Samsung denies the allegations in Paragraph 37.

**SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT
OF INVALIDITY OF U.S. PATENT NO. 9,105,762**

38.     Samsung repeats its responses contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     Denied.

40.     Denied.

41.     Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged.  Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

42.     Samsung admits that TCP seeks a declaratory judgment that the claims of the '762 patent are invalid. Samsung denies that any claim of the '762 patent is invalid.  Samsung denies all other allegations in Paragraph 42.

**SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT
OF NON-INFRINGMENT OF U.S. PATENT NO. 7,759,140**

43.     Samsung repeats its responses contained in Paragraphs 1 through 42 as if fully set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

47. Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged. Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

48. The allegations in Paragraph 48 of the Amended Counterclaims are legal conclusions to which no response is required. However, to the extent a response is required, Samsung denies the allegations in Paragraph 48.

### EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,759,140

49. Samsung repeats its responses contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Denied.

51. Denied.

52. Samsung admits that a case or controversy exists as to the claims as to which infringement is alleged. Samsung denies that there is a justiciable case or controversy as to claims that have not been asserted.

53. Samsung admits that TCP seeks a declaratory judgment that the claims of the '140 patent are invalid. Samsung denies that any claim of the '140 patent is invalid. Samsung denies all other allegations in Paragraph 53.

### PRAYER FOR RELIEF

In response to TCP's Prayer for Relief, Samsung denies that TCP is entitled to any relief, and in particular to any of the relief requested in paragraphs A-G of the Amended Counterclaims. Further, Samsung respectfully requests the following relief:

A.      The entry of a judgment finding in favor of Samsung and against TCP denying all relief sought by TCP in connection with its Amended Counterclaims and dismissing TCP's Amended Counterclaims in their entirety, with prejudice;

B.      The entry of a judgment in favor of Samsung, and against TCP, that TCP has infringed and continues to infringe, one or more claims of each of the Asserted Patents.

C.      The entry of a judgment in favor of Samsung, and against TCP, that TCP has induced, and continues to induce, the infringement of one or more claims of each of the Asserted Patents;

D.      The entry of a judgment in favor of Samsung, and against TCP, that TCP has willfully infringed one or more claims of each of the Asserted Patents;

E.      The entry of a judgment in favor of Samsung, and against TCP, awarding Samsung damages to be paid by TCP in an amount to be proven at trial adequate to compensate Samsung for TCP's past infringement and any continuing or future infringement through the date such judgment is entered, but in no event less than a reasonable royalty for TCP's infringement;

F.      The entry of a judgment in favor of Samsung, and against TCP, trebling damages pursuant to 35 U.S.C. § 284 as result of TCP's willful infringement;

G.      The entry of a judgment and order that this case is exceptional and awarding Samsung its reasonable attorneys' fee to be paid by TCP as provided by 35 U.S.C. § 285;

H.      The entry of a judgment in favor of Samsung, and against TCP, awarding Samsung expenses, costs, and disbursements in this action, including pre-judgment and post-judgment interest;

I.      The entry of a judgment in favor of Samsung, and against TCP, that TCP and its officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity

-8-

or concert with it be enjoined permanently from: (1) making, using, offering to sell, selling, or importing into the United States any product that infringes one or more claims of the Asserted Patents; (2) inducing others to make, use, offer to sell, sell, or import into the United States any product that infringes one or more claims of the Asserted Patents; and (3) contributing to the making, use, offer to sell, selling, or importing into the United States any product that infringes one or more claims of the Asserted Patents; and

J.      Any and all other relief Samsung is entitled to, as the Court may deem just and proper.

## DEMAND FOR JURY

No response is required to TCP's Demand for Jury. Samsung reiterates its demand for a trial by jury in this action for all issues so triable.

Dated: November 27, 2023

*Of Counsel*:

ARNOLD & PORTER KAYE
SCHOLER LLP

Ali R. Sharifahmadian
Jin-Suk Park
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
(202) 942-5000
ali.sharifahmadian@arnoldporter.com
jin.park@arnoldporter.com


Ryan M. Nishimoto
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
ryan.nishimoto@arnoldporter.com

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Counsel for Defendants Samsung Electronics
Co., Ltd.*

-9-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 27, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Daniel M. Silver
Alexandra M. Joyce
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendants Technical Consumer Products and Hawthorne Gardening Company*

John F. Bennett
Paul M. Ulrich
FROST BROWN TODD LLP
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
jbennett@fbtlaw.com
pulrich@fbtlaw.com

*Counsel for Defendant Hawthorne Gardening Company*

Arthur P. Licygiewicz
Vlada Wendel
NORTON ROSE FULBRIGHT US LLP
2200 Rose Avenue, Suite 3600
Dallas, TX 75201-7932
art.licygiewicz@nortonrosefulbright.com
vlada.wendel @nortonrosefulbright.com

Cat Garza
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
cat.garza@nortonrosefulbright.com

*Counsel for Defendant Technical Consumer Products*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/Adam W. Poff*

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff Samsung Electronics Co., Ltd.*

2