## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.,

     Plaintiff,

v.

TECHNICAL CONSUMER PRODUCTS,
INC. d/b/a TCP LIGHTING, and
HAWTHORNE GARDENING COMPANY

     Defendants.

Civil Action No. 23-186-JNR

**JURY TRIAL DEMANDED**

## DEFENDANT HAWTHORNE GARDENING COMPANY'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S FIRST AMENDED COMPLAINT

Defendant Hawthorne Gardening Company ("Defendant" or "HGC") answers Plaintiff Samsung Electronics Co., Ltd.'s ("Plaintiff" or "Samsung") First Amended Complaint (D.I. 49) ("FAC") as follows.

HGC denies that Samsung is entitled to the relief requested, or any other relief. HGC further denies each and every allegation contained in the FAC, except as expressly stated below. Any factual allegation in the FAC is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculation that arguably follows from the facts as admitted.

## NATURE OF THE ACTION

1. HGC admits that the FAC purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*

- 1 -

ME1 47027312v.1

**THE PARTIES**

2.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the FAC and, on that basis, denies such allegations.

3.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC and, on that basis, denies such allegations.

4.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC and, on that basis, denies such allegations.

5.      HGC admits it is a Delaware corporation with a registered agent The Corporation Trust Company.  HGC denies the remaining factual allegations of Paragraph 5.

**JURISDICTION AND VENUE**

6.      HGC admits that the FAC purports to allege a claim for patent infringement. The remainder of Paragraph 6 states issues of law to which no answer is required.

7.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC and, on that basis, denies such allegations.

8.      HGC admits that it is incorporated and organized in Delaware. To the extent the allegations in Paragraph 8 of the FAC set forth legal conclusions, no response is required. HGC denies all other factual allegations in Paragraph 7.

9.      HGC admits that venue in this district is proper, although it denies that this district is the most convenient venue for litigation of the claims in the FAC and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. HGC admits that it is incorporated in the State of Delaware. HGC denies all other factual allegations in Paragraph 9.

**BACKGROUND AND FACTS**

10.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC and, on that basis, denies such allegations.

- 2 -

ME1 47027312v.1

11.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC and, on that basis, denies such allegations.

12.     HGC admits that what appears to be a copy of U.S. Patent No. 9,035,341 ("the '341 Patent") is attached to the FAC as Exhibit 1. HGC further admits that the '341 Patent states on its face an issued date of May 19, 2015. HGC lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 12 of the FAC.

13.     HGC admits that what appears to be a copy of U.S. Patent No. 9,373,746 ("the '746 Patent") is attached to the FAC as Exhibit 2. HGC further admits that the '746 Patent states on its face an issued date of June 21, 2016. HGC lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 13 of the FAC.

14.     HGC admits that what appears to be a copy of U.S. Patent No. 9,105,762 ("the '762 Patent") is attached to the FAC as Exhibit 3. HGC further admits that the '762 Patent states on its face an issued date of August 11, 2015. HGC lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 14 of the FAC.

15.     HGC admits that what appears to be a copy of U.S. Patent No. 7,759,140 ("the '140 Patent") is attached to the FAC as Exhibit 4. HGC further admits that the '140 Patent states on its face an issued date of July 20, 2010. HGC lacks sufficient information to admit or deny the remaining factual allegations contained in Paragraph 15 of the FAC.

16.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC and, on that basis, denies such allegations.

17.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

18.    HGC admits that it sells the Gavita HGC906052. HGC denies the remaining allegations in Paragraph 18 of the FAC.

19.    HGC admits that it sells the Gavita HGC906052. HGC denies the remaining allegations in Paragraph 19 of the FAC.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 9,035,341**

20.    HGC restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

21.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC and, on that basis, denies such allegations.

22.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the FAC and, on that basis, denies such allegations.

23.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC and, on that basis, denies such allegations.

24.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC and, on that basis, denies such allegations.

25.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and, on that basis, denies such allegations.

26.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC and, on that basis, denies such allegations.

27.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC and, on that basis, denies such allegations.

28.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

29.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC and, on that basis, denies such allegations.

30.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC and, on that basis, denies such allegations.

31.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC and, on that basis, denies such allegations.

32.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC and, on that basis, denies such allegations.

33.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC and, on that basis, denies such allegations.

34.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC and, on that basis, denies such allegations.

35.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the FAC and, on that basis, denies such allegations.

36.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC and, on that basis, denies such allegations.

37.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the FAC and, on that basis, denies such allegations.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 9,373,746

38.     HGC restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

39.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

40.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the FAC and, on that basis, denies such allegations.

41.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the FAC and, on that basis, denies such allegations.

42.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the FAC and, on that basis, denies such allegations.

43.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC and, on that basis, denies such allegations.

44.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC and, on that basis, denies such allegations.

45.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the FAC and, on that basis, denies such allegations.

46.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the FAC and, on that basis, denies such allegations.

47.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the FAC and, on that basis, denies such allegations.

48.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the FAC and, on that basis, denies such allegations.

49.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the FAC and, on that basis, denies such allegations.

50.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

51.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the FAC and, on that basis, denies such allegations.

52.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the FAC and, on that basis, denies such allegations.

53.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the FAC and, on that basis, denies such allegations.

54.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the FAC and, on that basis, denies such allegations.

55.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the FAC and, on that basis, denies such allegations.

<u>**COUNT III**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 9,105,762**</u>

56.     HGC restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

57.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the FAC and, on that basis, denies such allegations.

58.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the FAC and, on that basis, denies such allegations.

59.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the FAC and, on that basis, denies such allegations.

60.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the FAC and, on that basis, denies such allegations.

61.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

62.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the FAC and, on that basis, denies such allegations.

63.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the FAC and, on that basis, denies such allegations.

64.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the FAC and, on that basis, denies such allegations.

65.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the FAC and, on that basis, denies such allegations.

66.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the FAC and, on that basis, denies such allegations.

67.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the FAC and, on that basis, denies such allegations.

68.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the FAC and, on that basis, denies such allegations.

69.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC and, on that basis, denies such allegations.

70.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the FAC and, on that basis, denies such allegations.

71.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the FAC and, on that basis, denies such allegations.

72.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the FAC and, on that basis, denies such allegations.

ME1 47027312v.1

73.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the FAC and, on that basis, denies such allegations.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,759,140

74.     HGC restates and incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the FAC.

75.     HGC denies the allegations in Paragraph 75 of the FAC.

76.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the FAC and, on that basis, denies such allegations.

77.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the FAC and, on that basis, denies such allegations.

78.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the FAC and, on that basis, denies such allegations.

79.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the FAC and, on that basis, denies such allegations.

80.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the FAC and, on that basis, denies such allegations.

81.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the FAC and, on that basis, denies such allegations.

82.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the FAC and, on that basis, denies such allegations.

83.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the FAC and, on that basis, denies such allegations.

84.     HGC denies the allegations in Paragraph 84 of the FAC.

ME1 47027312v.1

85.    HGC denies the allegations in Paragraph 85 of the FAC.

86.    HGC denies the allegations in Paragraph 86 of the FAC.

87.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the FAC and, on that basis, denies such allegations.

88.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the FAC and, on that basis, denies such allegations.

89.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the FAC and, on that basis, denies such allegations.

90.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the FAC and, on that basis, denies such allegations.

91.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the FAC and, on that basis, denies such allegations.

92.    HGC denies the allegations in Paragraph 92 of the FAC.

93.    HGC denies the allegations in Paragraph 93 of the FAC.

94.    HGC denies the allegations in Paragraph 94 of the FAC.

## PRAYER FOR RELIEF

HGC denies that Samsung is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–I of Samsung's Prayer for Relief.

## JURY DEMAND

Samsung's demand for a trial by jury does not require a response by HGC.

## DEFENSES

HGC incorporates by reference as if fully set forth herein its responses to Paragraphs 1–94 of Samsung's FAC. To the extent not expressly admitted above, the factual allegations contained in the FAC are denied. Without assuming any burden other than that imposed by operation of law

ME1 47027312v.1

and without reducing or removing Samsung's burdens of proof on its affirmative claims, HGC alleges and asserts the following defenses in response to Samsung's FAC and Samsung's assertion of infringement of the '140 Patent ("Asserted Patent"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Additionally, HGC specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM)

1.   Samsung has failed to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE
### (NON-INFRINGEMENT)

2.   HGC has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD SEPARATE DEFENSE
### (INVALIDITY)

3.   The claims of the Asserted Patent are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## FOURTH SEPARATE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.   Samsung is precluded from construing any valid claim of the Asserted Patent to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office

- 11 -

(a) during prosecution of the Asserted Patent, (b) in the specification and claims of the Asserted Patent, and/or (c) during the prosecution of patents and applications related to the Asserted Patent.

### FIFTH SEPARATE DEFENSE
### (EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)

5.      Samsung's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patent. To the extent HGC's vendors, partners, or other upstream and downstream suppliers have entered into patent license agreements covering the Asserted Patent, HGC's use or purchase of LED chips or other lighting components from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.  Samsung's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

### SIXTH SEPARATE DEFENSE
### (EQUITABLE BARS – UNENFORCEABILITY)

6.      Samsung's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.

### SEVENTH SEPARATE DEFENSE
### (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

7.      Samsung is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Samsung has failed to show, and cannot show, that any infringement has been willful and/or egregious.

### EIGHTH SEPARATE DEFENSE
### (LIMITATION ON DAMAGES)

8.      Samsung's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

ME1 47027312v.1

9.     To the extent that Samsung, its alleged predecessor(s)-in-interest to the Asserted Patent, or any licensee of the Asserted Patent failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that HGC's actions allegedly infringed any claim of the Asserted Patent, HGC is not liable to Samsung for the acts alleged to have been performed before HGC received actual notice of infringement. On information and belief, Samsung's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## NINTH SEPARATE DEFENSE
### (COSTS)

10.    Samsung is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## TENTH SEPARATE DEFENSE
### (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

11.    Samsung is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to Samsung would not be immediate or irreparable, Samsung would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF ADDITIONAL DEFENSES

12.    HGC reserves the right to add additional defenses, including further allegations of inequitable conduct, consistent with the facts discovered in this case.

## COUNTERCLAIMS

HGC sets forth the following Counterclaims against Samsung. HGC incorporates by reference all of the allegations and averments in its Answer and Defenses.

ME1 47027312v.1

## PARTIES

1.      HGC is a Delaware corporation with a place of business at 800 Port Washington Blvd., Port Washington, NY 11050.

2.      Upon information and belief based on the allegations in the FAC, Samsung is a corporation organized under the laws of the Republic of Korea with a principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi, 443-742, South Korea.

## JURISDICTION AND VENUE

3.      Samsung filed a FAC in this Court against HGC alleging infringement, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of United States Patent No. 7,759,140 ("the '140 patent" or "the Asserted Patent").

4.      Samsung alleges in the FAC that it is the owner by assignment of all right, title, and interest in the Asserted Patents, and that it has the full and exclusive right to bring suit to enforce each Asserted Patent, including the right to recover for past infringement.

5.      This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has personal jurisdiction over Samsung at least because it voluntarily submitting to and employed the jurisdiction of this Court by filing its FAC.

7.      Venue is proper in this District solely for the purposes of these Counterclaims under 28 U.S.C. §§ 1391(b)-(c). Upon information and belief, Samsung is incorporated and resides in the Republic of Korea. Samsung alleged in its FAC that venue is proper in this District, and voluntarily submitted to the jurisdiction of this Court by filing its FAC.

- 14 -

ME1 47027312v.1

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 7,759,140**

8. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

9. HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '140 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the FAC to be included in the accused products.

10. As one non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "sequentially forming an active layer and a second semiconductor crystal layer on the first semiconductor crystal layer, wherein the crystal surface orientations of the at least one protruded portion except the vertex thereof are different from growth directions of the semiconductor crystal layers."

11. As a second non-limiting example, the FAC does not show that the accused L60A19N06V30K4 was formed by a method that includes, as recited in Claim 1: "the step of forming the first semiconductor crystal layer is performed so that a first growth rate of the first semiconductor crystal layer on the substrate surface between the protruded portions is higher than a second growth rate of the first semiconductor crystal layer on the surface of the protruded portions such that the majority of the growth of the first semiconductor crystal layer occurs on the substrate surface between the protruded portions."

12. An actual and justiciable controversy exists between HGC and Samsung with respect to non-infringement of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

- 15 -

13.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '140 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent.

## SECOND COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,759,140

14.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

15.    The '140 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

16.    As one non-limiting example, Claim 1 of the '140 Patent is invalid in view of Japanese Patent Application No. 2003218045 to Shibata et al. ("Shibata"). Shibata was published July 31, 2003 and is prior art under at least 35 U.S.C. § 102(a). Shibata teaches at least: a method of manufacturing a light-emitting device, comprising: forming at least one protruded portion with a curved surface on a planarized substrate; and forming a first semiconductor crystal layer on the substrate to cover the surface of the protruded portions and planarizing said first semiconductor crystal layer; and sequentially forming an active layer and a second semiconductor crystal layer on the first semiconductor crystal layer, wherein the crystal surface orientations of the at least one protruded portion except the vertex thereof are different from growth directions of the semiconductor crystal layers; and the step of forming the first semiconductor crystal layer is performed so that a first growth rate of the first semiconductor crystal layer on the substrate surface between the protruded portions is higher than a second growth rate of the first semiconductor crystal layer on the surface of the protruded portions such that the majority of the growth of the first semiconductor crystal layer occurs on the substrate surface between the protruded portions.

17.     An actual and justiciable controversy exists between HGC and Samsung with respect to the alleged infringement and validity of the '140 Patent, including with respect to at least asserted Claim 1, and any other claims that Samsung may assert in this action.

18.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '140 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Samsung may assert in this action, of the '140 Patent are invalid.

## DEMAND FOR JURY TRIAL

HGC hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

HGC, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A.  A declaration that HGC did not infringe, has not infringed, and does not infringe any valid and enforceable claim of the '140 Patent;

B.  A declaration the claims of the '140 Patent are invalid;

C.  An order dismissing Samsung's FAC with prejudice, and adjudging that Samsung take nothing by its FAC;

D.  An order declaring that HGC is the prevailing party and that this case is exceptional under 35 U.S.C. § 285, other statutes or rules, or the general power of the Court, and an award to HGC of its costs and attorneys' fees in connection with this action;

E.  An order awarding HGC its costs and expenses in this action;

F.  An injunction against Samsung and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Samsung from charging infringement or instituting any legal action for infringement of the '140 Patent or any related patent against HGC or anyone acting in privity with HGC; and

- 17 -

ME1 47027312v.1

- 18 -

   G. Such other and further relief, whether legal, equitable, or otherwise, as the Court

deems just and proper.


Dated: December 15, 2023     Respectfully submitted,

OF COUNSEL:       McCARTER & ENGLISH, LLP

Arthur P. Licygiewicz      */s/ Alexandra M. Joyce*
Vlada Wendel        Daniel M. Silver (#4758)
NORTON ROSE FULBRIGHT US LLP Alexandra M. Joyce (#6423)
2200 Ross Avenue, Suite 3600   Renaissance Centre
Dallas, Texas 75201      405 N. King Street, 8th Floor
Tel: 214-855-8000       Wilmington, Delaware 19801
Fax: 214-855-8200       Tel: 302-984-6300
art.licygiewicz@nortonrosefulbright.com dsilver@mccarter.com
vlada.wendel@nortonrosefulbright.com ajoyce@mccarter.com

Catherine Garza       *Attorneys for Defendant Hawthorne*
David Dyer         *Gardening Company*
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3114
Fax: 512-536-4598
cat.garza@nortonrosefulbright.com
david.dyer@nortonrosefulbright.com

John F. Bennett
Paul M. Ulrich
FROST BROWN TODD LLP
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
Tel: 513-651-6800
jbennett@fbtlaw.com
pulrich@fbtlaw.com

ME1 47027312v.1