IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| Plaintiff, | ) 1:23-CV-186 |
| v. | ) |
| TECHNICAL CONSUMER PRODUCTS, INC., *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM ORDER

Before the Court is Defendant Hawthorne Gardening Company's motion to sever and stay pending resolution of Plaintiff Samsung Electronics Co., Ltd.'s claims against Defendant Technical Consumer Products, Inc.  ECF 94.  Samsung charges HGC and TCP with direct infringement of U.S. Patent No. 7,759,140 ('140 patent) in violation of 35 U.S.C. § 271(g), and indirect infringement of the '140 patent in violation of 35 U.S.C. § 271(b).  ECF 49, ¶¶ 75-76, 84.  HGC argues that it is not the "true defendant" here but is merely a re-seller of a product manufactured by TCP, and so should be severed from the case.  ECF 95, pp. 1-2.  According to HGC, resolving whether TCP's products infringe the '140 patent will resolve HGC's liability, and granting its motion would therefore avoid imposing unnecessary burdens on both HGC and the Court pending that decision.  *Id.* at 1-2, 5-6.  After careful review, the Court disagrees.

Central to the parties' positions is whether the so-called "customer-suit" exception applies to HGC.  Under this rule, courts will permit a case to proceed against the manufacturer of an accused product while severing or staying proceedings against a re-seller under the theory "that the manufacturer is the 'true defendant' and the retailer is merely a 'peripheral defendant.'"  *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 15-1202, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016)

(collecting cases). HGC argues that it is merely a "peripheral defendant" because Samsung's claim primarily accuses TCP of infringing the '140 patent "by supplying customers with Accused Products so that they may be used, sold, or offered for sale by those customers throughout the United States[,]" while HGC merely re-sells those products. ECF 95, p. 4 (cleaned up).

But the Court finds that this exception doesn't apply here. To begin with, this isn't a case that implicates the "spirit" of the customer-suit exception. The customer-suit exception developed not as a general exception to a lawsuit against a manufacturer and re-seller, but as an "exception to the 'first-to-file' rule . . . to avoid, if possible, imposing the burdens of trial on the customer[.]" *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In other words, customer-suit exception cases "typically arise" in the context of forum-shopping, "when related patent infringement actions are pending in different jurisdictions[.]" *Tobin Fam. Educ. & Health Found. v. 1-800-Flowers.com, Inc.*, No. 11-7598, 2012 WL 12916043, at *3 (D.N.J. July 24, 2012); *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 327 (D. Del. 2009) ("The customer suit exception is applicable when the first suit is brought against the customer in a district where the manufacturer cannot be joined as a defendant."). Basically, courts have concluded that the normal first-filed priority will give way when a suit against the re-seller was the first one filed.

Though courts have applied the exception when the manufacturer and re-seller are defendants in the same suit, they still do so with principles of forum selection in mind. *Eli Lilly*, 2016 WL 1659924, at *2 ("[T]he customer-suit exception has been used as a basis for severing the action against the retailers from the action against the manufacturer and transferring the action against the manufacturer to a ***venue where suit against the retailer defendants could not have been brought***." (emphasis added)). For example, the customer-suit exception would apply if it would mean staying the case as to the re-seller to then transfer the case to a different and

more appropriate venue for the lawsuit against the manufacturer. *See, e.g., id.*; *Teleconference Sys.*, 676 F. Supp. 2d at 327 ("When this situation arises, the manufacturer should be permitted to prosecute its declaratory judgment action elsewhere to protect itself and its clients.").

The circumstances of this case don't concern dueling lawsuits or forum selection issues, as there are no separate competing lawsuits, and no Defendant has contested venue or jurisdiction or would seek transfer to a different venue.[1] Moreover, HGC and TCP are represented by the same counsel, so the inefficiencies created by forcing a "true defendant" and an unrelated "peripheral defendant," such as one among many customers of the "true defendant," to litigate together are absent here. In short, HGC hasn't proffered a reason for the Court to grant its motion that furthers the spirit of the customer-suit exception.

But even assuming the customer-suit exception can apply generally to cases like this one, there is a more fundamental reason to deny HGC's motion. Contrary to HGC's position, and as alleged in the amended complaint, HGC is the "true defendant," and its liability doesn't turn on TCP's; in fact, it's the other way around.

Significantly, Samsung has brought a Section 271(g) direct infringement claim against HGC, alleging that HGC infringed the '140 patent. Section 271(g) states:

> Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent.

35 U.S.C. § 271(g); ECF 49, ¶ 75. "This language makes clear that the acts that give rise to liability under § 271(g) are the importation, offer for sale, sale, or use within this country of a product that was made by a process patented in the United States." *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344, 1359 (Fed. Cir. 2019).

---

[1] Both TCP and HGC are Delaware corporations. ECF 49, ¶¶ 4-5.

By contrast, one of the theories against TCP is indirect infringement under Section 271(b)—*i.e.*, that TCP knowingly induced HGC's infringement. ECF 49, ¶ 76. That means that for Samsung to prove indirect infringement against TCP, it must first prove direct infringement against HGC. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004).

Thus, to sever HGC from the case and force Samsung to litigate its claim for indirect infringement against TCP without a direct infringer "would impose a substantial burden" on Samsung. *Eli Lilly*, 2016 WL 1659924, at *5. The burden is especially great in this situation, where HGC is the only alleged direct infringer (other than TCP). *See id.* ("If Lilly distributed Cialis only through Brookshire, and thus Brookshire were the only direct infringer nationwide, there would be no doubt that Lilly could be charged with indirect infringement in this district and that Lilly's motion to sever, stay, and transfer the case against it to another district would be without merit.").

As Samsung pointed out at the April 30, 2024, oral argument on the motion to stay (ECF 129), one of the reasons that the direct infringing re-seller must remain in the case is the *mens rea* requirement for indirect infringement, like inducement. ECF 134, 12:24-13:17. That is, unlike a claim for direct infringement, for indirect infringement, Samsung will have to prove some *mens rea* on the part of TCP. *Compare* 35 U.S.C. § 271(b), *with id.* § 271(g). This additional element means that resolution of the infringement case against TCP may not necessarily resolve the case against HGC.[2]

---

[2] For example, the Court or jury could conclude that TCP lacked the appropriate *mens rea*, decline to reach the infringement questions, and then everyone would be back to square one in the suit against HGC. That result defies the "Supreme Court's mandate that determinations of priority between manufacturer and customer suits should be made with an eye toward wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[.]" *Am. Acad. of Sci.*

The Court pauses to consider the fact that Samsung does also have direct infringement claims as to the '140 patent against TCP. ECF 49, ¶ 75. In some cases, the existence of direct and indirect infringement claims against a manufacturer may allow for application of the customer-suit exception. *See, e.g., Eli Lilly*, 2016 WL 1659924, at *4 ("Moreover, in a case such as *Nintendo*, both the manufacturer and the retailer may be independently liable for direct infringement."). But given the uncertainty about whether and how TCP imported the accused products into the United States, the Court has concerns about definitively concluding that the direct infringement claims have "legs." ECF 134, 7:1-8:8; *see Blue Gentian, LLC v. Telebrands Corp.*, No. 13-4627, 2014 WL 12621186, at *4 (D.N.J. Apr. 30, 2014) (Courts "will apply the [customer-suit] exception only where the manufacturer case will resolve most if not all issues at stake in the customer action.").

HGC points out two purported efficiencies if the Court were to grant a stay, but neither of them carries the day. First, it argues that it doesn't have relevant information on the infringement issue, and so should be spared from the discovery process. ECF 124, p. 8. But any burdens imposed on HGC in discovery can be cabined by a future order of the Court—indeed, its position cuts both ways. If HGC really doesn't have any relevant discoverable information on infringement, then its only burden will be to deny having that information.

Second, HGC says that granting its motion will keep the issues narrow: a finding that TCP did not infringe would require dismissal (and obviate the need for HGC to participate), while a finding that TCP infringed would limit the issue to what damages, if any, Samsung can recover from HGC. ECF 95, p. 11; ECF 134, 8:9-25. But that position presupposes that the scenario outlined above doesn't occur, despite the real possibility that HGC is a necessary party to Samsung's case.

---

*v. Novell Inc.*, No. 91-4300, 1992 WL 313101, at *2 (N.D. Cal. July 9, 1992) (cleaned up).

In summary, any burdens imposed on HGC by its continued participation in the case are outweighed by the burden and prejudice imposed on Samsung and the Court by its absence—a circumstance to which the customer-suit exception does not apply. Accordingly, the Court denies HGC's motion.

*   *   *

For these reasons, this **2nd day of May, 2024**, it is hereby **ORDERED** that HGC's motion to sever and stay pending resolution of all claims between Samsung and TCP (ECF 94) is **DENIED**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge