## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| Plaintiff, | ) 1:23-CV-186 |
| | ) |
| v. | ) |
| | ) |
| TECHNICAL CONSUMER PRODUCTS, INC.; *et al.*, | ) |
| Defendants. | ) |

## <u>MEMORANDUM ORDER</u>

Plaintiff Samsung Electronics Co., Ltd. and Third-Party Defendant Seoul Semiconductor Co., Ltd. submitted letters regarding a discovery dispute about the production of technical documents and information related to certain SSC LEDs. ECF 193; ECF 194. Having reviewed the letters and exhibits and having considered the positions set forth by the parties during the December 12, 2024, hearing, the Court grants Samsung's request that SSC produce documents and information in response to RFP Nos. 1-22 and Interrogatory Nos. 1 and 3.

Based on a list created by TCP, Samsung created a list of 482 SSC LEDs and asked SSC to provide technical documents for (1) the specific LEDs incorporated into the accused products, (2) the LEDs on the list that are "of the same type, model, design, structure, and/or [are] manufactured using the same or substantially similar manufacturing processes/steps" as any of the LEDs incorporated into the accused products, and (3) LEDs that met the definitions in the First Set of Requests for Production of Documents directed to SSC. ECF 193-2. Samsung and SSC dispute whether Samsung is entitled to discovery beyond the four specific LEDs that are incorporated into the three accused products identified in the Initial Infringement Contentions.

To determine whether discovery of unaccused products is appropriate, the Court considers: "(1) as to relevance, the specificity with which the plaintiff has articulated how the unaccused products are relevant to its existing claims of infringement (and how they are thus reasonably similar to the accused products at issue in those claims); (2) whether the plaintiff had the ability to identify such products via publicly available information prior to the request and (3) the nature of the burden on defendant(s) to produce the type of discovery sought." *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2012) (cleaned up).

Based on these three factors, the Court finds that Samsung has met its burden to seek discovery on the additional LEDs that are reasonably similar to those specifically identified in the Initial Infringement Contentions.

**Relevance.** Samsung has drafted its discovery requests to focus on the LEDs that are manufactured using the same or substantially similar manufacturing process as the specifically identified LEDs, and so the Court agrees with Samsung that the additional LEDs for which discovery is sought are reasonably similar to the specifically identified LEDs.[1] *Cf. Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871, 2018 WL 1392341, at *3 (D. Del. Feb. 12, 2018) (denying requested discovery regarding unaccused product where there was "mere suspicion or speculation" that the unaccused product will infringe the asserted patents (citation omitted)); *see also LKQ Corp. v. Kia Motors Am., Inc.*, No. 21-3166, 2023 WL 3455315, at *4 (N.D. Ill. May 15, 2023) (granting motion to compel discovery on unaccused products where it was "sufficient that there is a sufficiently narrow relationship between the alleged

---

[1] Additionally, in the Initial Infringement Contentions, Samsung identified the accused products to be the three specifically identified TCP products and "all TCP products that contain the same or substantially similar LED die(s)." ECF 193-4, p. 6. *See Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009) (allowing discovery of unaccused products where the contentions gave defendant notice of a specific theory of infringement and the unaccused products operated in a manner reasonably similar to that theory).

infringing [products] and the discovery requested of other…products that are not yet accused of infringing and that may be reasonably similar").[2]

**Plaintiff's ability to identify the information.** SSC contends that Samsung had the ability to purchase TCP products to test or inspect the additional LEDs. But Samsung has shown that the information requested—information about the internal structure of the LEDs and their manufacturing process—is not publicly available, and that it would be costly to tear apart the chips to inspect them.

**Burden on SSC.** As to the burden on SSC to produce the technical documents on the additional LEDs, the Court finds that Samsung's discovery requests are not facially burdensome. First, as noted above, the discovery requests, as drafted, are sufficiently specific, so it doesn't appear unduly burdensome for SSC to identify and produce the requested discovery. Second, SSC may not need to produce all 482 LEDs that Samsung identified in its list: if SSC believes that some of the LEDs on the list are not reasonably similar to those specifically identified in the Initial Infringement Contentions, SSC can so represent to Samsung. While SSC quibbles that the criteria for determining a similar product will force them to do extra work, the Court finds the opposite—those criteria will assist in potentially narrowing the universe of documents and very likely will lessen any burden on SSC.[3]

---

[2] SSC's argument that TCP's list may not have consisted of TCP products comprising SSC LED's and sold in the United States was contradicted by TCP at the hearing. Samsung was entitled to rely on TCP's list—which was a response to an interrogatory—in propounding its requests on SSC.

[3] During the December 12, 2024, hearing, SSC asked for leave to submit evidence of the burden involved in the production of the requested documents and information. The Court finds it unlikely that these discovery requests will be unduly burdensome, and so does not need any additional evidence. That said, if it turns out that the Court is wrong and there is truly an undue burden with SSC responding to the discovery requests, SSC shall raise that issue with Samsung and the parties shall confer in good faith on that issue.

Accordingly, the Court hereby orders SSC to produce technical documents relating to all SSC LEDs identified as components of the TCP accused products and that are reasonably similar to the specific SSC LEDs identified in the Initial Infringement Contentions. Responses to the outstanding discovery are due **December 30, 2024**, unless there is mutual agreement on an extension.

DATED this 12th day of December, 2024.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge