IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL CONSUMER PRODUCTS, INC.; *et al.*, <br><br> Defendants. | 1:23-CV-186 |

## MEMORANDUM ORDER

Plaintiff Samsung Electronics Co., Ltd., Defendant Technical Consumer Products, Inc., and Third-Party Defendant Seoul Semiconductor Co., Ltd. submitted letters regarding several discovery disputes at ECF 361, 362, 366, 377, 368, 375, 376, 377, and 380. Having reviewed the letters and exhibits and having considered the positions set forth by the parties during the August 1, 2025, hearing, the Court resolves the discovery disputes as follows.

**I.  Seoul's request for Samsung's benchmark information.**

Seoul requests Samsung's pre-suit benchmarking analysis, which was used to identify Seoul as the source of the LEDs incorporated into the L60A product in the complaint. The Court previously denied this request in the June 27, 2025, order on Seoul's motion to compel, and for the same reasons discussed in that order, denies Seoul's request here. *See* ECF 355, pp. 2-3.

The Court recognizes Seoul's concerns, as it articulated during the hearing, that it lacks evidence from either Samsung or TCP that the LEDs referenced in the complaint—which Samsung claims infringe its patents—are manufactured by Seoul, given that there may be multiple suppliers of LED chips for some of the accused products. Seoul contended that TCP would not be able to prove that the LED chip in the complaint is a Seoul chip, and that, specifically as to the L60A product, if neither

Samsung nor TCP could identify the supplier of the LED chip referenced in the complaint, then TCP would not be able to establish indemnity for the L60A product. In its post-hearing supplemental briefing, Seoul also addresses why TCP's indemnity claims fail as a matter of law and why "the proper question is whether evidence in the record shows that Seoul is responsible *for the specific LED packages analyzed by Samsung and which form the pleaded basis for the infringement claims.*" ECF 376, p. 4. But these are disputes that go to the merits of the indemnity claim, and are better addressed through dispositive motions.

### II. Samsung's motion for Rule 37(b)(2) relief for Seoul's failure to produce technical documents for the list of 482 LEDs.

In the December 13, 2024, order, the Court allowed discovery into the 482 Seoul LEDs on the basis that they were reasonably similar to the four LEDs specified in the Initial Infringement Contentions. As to the burden on Seoul, the Court noted that (1) it didn't appear unduly burdensome for Seoul to produce the requested technical documents and that (2) if Seoul believed that some of the LEDs on the list weren't reasonably similar to the four LEDs identified in the Initial Infringement Contentions, it could so represent to Samsung. ECF 196, pp. 3-4.

On July 29, 2025, Seoul produced a list of 24 products that it believed to be reasonably similar to the ones specified in the Initial Infringement Contentions. Seoul narrowed it down to these 24 products by first correcting the 482-products list to exclude 67 products that it claims does not exist. It then also excluded products that were absent from the bills of materials produced by TCP for the accused products. Next, Seoul identified the products that differed only in color temperature (which is indicative of the phosphors used), and lastly, excluded five products that were based on a design that purportedly differed fundamentally from the chips Samsung analyzed. ECF 368, p. 2.

Samsung objects to this list of 24 products. First, Samsung points out that the LED purchase orders show that there are products on the 482-products list that TCP purchased from Seoul but are not implicated by the bills of materials; TCP's production is ongoing and TCP may yet produce additional bills of materials. The Court does not see any issues with Seoul limiting its production to LEDs that are implicated by bills of material that TCP has produced thus far, given that the bills of material appear to be the best evidence for identifying the LEDs incorporated into each TCP product. If it hasn't done so, Seoul must supplement with a narrative response that identifies which of the 482 products are implicated by the bills of materials.

Second, as to the 67 LEDs that Seoul asserts are not Seoul products or manufactured by a third party and incorporated into Seoul products, Samsung requests that they be included in Seoul's production to the extent that BORE LEDs contain LED chips provided by Seoul. The Court does not expect Seoul to include products that it did not manufacture (though Seoul should include LEDs that it is directing another party to make on its behalf, *e.g.*, acting as a foundry). So Seoul must supplement with a narrative response identifying and confirming that the 67 LEDs are neither Seoul products nor manufactured by a third party for Seoul. Additionally, Seoul shall identify the sources from which Seoul obtained the LEDs made by a third party for Seoul.

Third, Samsung objects to how Seoul has performed the "reasonably similar" analysis to narrow down the list of products. At the hearing, Seoul argued that Samsung's interpretation of "reasonably similar" (*e.g.,* LEDs that are of the same type, model, design, structure, and/or manufactured using the same or substantially similar manufacturing processes and/or LEDs that met the definitions in the First Set of Requests for Production of Documents, see ECF 362-1, p. 332) involves nanoscopic features that are impossible to observe, and for which Seoul would not

know how they were made and what materials were used. Samsung rejects this, asserting that Seoul can perform a reasonable similarity analysis because it knows exactly how its products are made. Samsung and Seoul also dispute whether Seoul properly excluded the five LED models that used gallium nitride rather than sapphire substrates.

As to the LEDs with features specifically requested by Samsung (LEDs that have more than one die on a Substrate, and wherein at least one die has a Semiconductor Laminate with at least one sidewall having a region in which the slop of the sidewall is less than the slope in other region(s) of the sidewall; LEDs that have a Reflective Component under an Electrode or Electrical Contact, and LEDs that have a Substrate comprised of at least one semi-spherical or approximately semi-spherical structure, *see* ECF 362-1, pp. 332-333), to the extent that these LEDs haven't been identified by Seoul, Seoul must provide a declaration to Samsung explaining why it would be unduly burdensome for Seoul to identify these LEDs.

As to any other LEDs Samsung is requesting that are "of the same type, model, design, structure, and/or manufactured using the same or substantially similar manufacturing processes/steps" as the LEDs incorporated into the accused products, Samsung shall identify with more specificity the particular features that it is looking for; Seoul shall produce materials for those LEDs. To the extent Seoul objects on the grounds that those requested LEDs are not reasonably similar or would be unduly burdensome to identify, it must provide a declaration to Samsung explaining why.

For all the LEDs identified per the procedures above, Seoul must produce the materials Samsung seeks, to the extent that they are tied to an existing discovery request and to the extent that the documents are available: design documents, product diagrams, run-sheets, documents relating to photomasks, linking documents, and responses to Interrogatory Nos. 1 and 3 that sufficiently identifies which documents correspond to which LED model.

The Court denies without prejudice Samsung's request for Seoul to certify compliance with the December 13, 2024, order and for Seoul to produce a representative for a Rule 30(b)(6) deposition.

### III. Samsung's motion to compel Seoul's responses to Interrogatory Nos. 5-9 and 11.

Samsung's Interrogatory Nos. 5-8 ask Seoul to identify all LED Product Categories that are the same or reasonably similar to the STW8A12DD1, STW8A12DD15, and STW8C12CE0 product categories and to SEOUL SMD S1CH-3535660WP66035352V350mA. ECF 362, p. 5. Interrogatory No. 9 asks Seoul to identify LED product categories that incorporate or include at least one Patterned Substrate. Interrogatory No. 11 asks for financial information for each Accused LED.[1] Samsung contends that Seoul's responses to these interrogatories are deficient.

As for Interrogatory Nos. 9 and 11, Seoul must provide complete responses rather than merely citing to RFP responses under Rule 33(d). Both requests are relevant, and Seoul has not shown why it would be unduly burdensome to produce the information. Additionally, as to the financial information, Samsung has represented that the summary-level costs of goods and expenses information (as relevant for the reasonably royalty calculations) is available at the LED level only from Seoul, not TCP.

Seoul objects to Interrogatory Nos. 5-8 on the grounds that Samsung is improperly shifting to Seoul the burden of identifying reasonably similar LEDs. To the extent that these interrogatories are requesting identification of LEDs of the same type, model, design, structure, and/or manufacturing processes/steps as the listed product categories, Samsung shall identify what the key characteristics of the

---

[1] To clarify, the list of Accused LEDs shall be determined based on the procedures the Court outlined in Part II.

- 6 -

type, model, design, structure, and/or manufacturing processes/steps are; Seoul must identify the LED product categories that are responsive to the request. If Seoul then objects on the grounds that those requested LEDs are not reasonably similar or would be unduly burdensome to identify, it must provide a declaration to Samsung explaining why.

DATED this 20th day of August, 2025.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge